**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ANNIE GLADNEY AND HANDUN GLADNEY**                                    **PLAINTIFFS**

**V.**                                                                                    **CASE NO. 1:04CV12-M-D**

**GUIDEONE MUTUAL INSURANCE COMPANY**                                  **DEFENDANT**

**ORDER**

This cause comes before the Court on the defendant's motion in limine [49-1] which asks the Court to either order the plaintiffs' attorneys, Waide & Associates, to withdraw as counsel or to exclude "all those affiliated with Waide & Associates from providing testimony either from the witness stand or in their capacity as counsel" pertaining to the disputed issue of whether plaintiffs' counsel received a letter from an agent of the defendant containing an estimate on an insurance policy. In support of its motion, the defendant relies upon Rule 3.7 of the Mississippi Rules of Professional Conduct, which bars a lawyer from acting as an advocate at a trial in which he is likely to be a necessary witness, unless the testimony relates to an uncontested issue; the testimony relates to the nature and value of legal services rendered in the case; or disqualification of the lawyer would work substantial hardship on the client.

In response, plaintiffs' counsel avers that neither of the attorneys representing the plaintiff has any current intention to testify at trial. Rather, counsel for Waide & Associates state that their only intention is to call "support staff" who do not fall under the aegis of Rule 3.7 and who can properly testify on the subject of whether the disputed letter was received. Plaintiffs' counsel states that neither Ron Woodruff nor Jim Waide, the two attorneys assigned to represent the plaintiff, will testify unless they are "forced to do so to properly represent their clients and prevent a miscarriage

of justice." In their reply brief, counsel for the defendant do not address the issue of whether Rule 3.7 applies to a secretary or other support personnel for an attorney testifying as to whether the attorney received a particular piece of correspondence.

The Court finds this to be satisfactory. Accordingly, the motion in limine is provisionally GRANTED to the extent that it seeks to bar any attorney from Waide & Associates from testifying in court. It is DENIED to the extent that it seeks to bar non-attorney personnel of Waide & Associates from testifying. Should plaintiffs' counsel believe that the questioning of such persons by defense counsel raises the specter of a "miscarriage of justice," the Court will reconsider the possibility of allowing plaintiffs' counsel to testify at that time consistent with Rule 3.7's "substantial hardship" prong.

This is the 23rd day of February, 2006.

                                                 /s/ Michael P. Mills  
                                                **UNITED STATES DISTRICT JUDGE**